**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

KIMBERLY STRACKE

    Plaintiff,

vs.

PEYTON MATTHEWS,

    Defendant.

CIVIL ACTION FILE NO.:
1:24-CV-0079

## COMPLAINT FOR TORT DAMAGES

COMES NOW Plaintiff, Kimberly Stracke, by and through undersigned counsel, and hereby files the following Complaint for Tort Damages against Defendant Peyton Matthews, and in support of same, shows this Court more fully as follows:

### Jurisdiction and Venue

1.

Plaintiff Kimberly Stracke (hereinafter "Ms. Stracke" or "Plaintiff") is a citizen of and domiciled in Anderson, South Carolina.

2.

On information and belief, Defendant Peyton Matthews (hereinafter "Defendant Matthews" or "Defendant") is a citizen of and domiciled in Lee County, Georgia and may be served with process at his address of 137 Pineview Dr., Leesburg, Lee County, Georgia.

3.

Defendant Matthews is subject to the personal jurisdiction of this Court.

4.

This Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

5.

Venue is proper pursuant to 28 U.S.C. § 1391 and U.S. District Court Middle District of Georgia local rule 3.4.

6.

This Court has jurisdiction over this matter, and this Court is the proper venue for this matter.

**Factual Background**

7.

On June 4, 2022 ("the Collision Date"), at approximately 12:52 p.m., Ms. Stracke was travelling S. on Nottingham Way approaching its intersection with Westover Blvd. in Albany, Georgia.

8.

Ms. Stracke was travelling in a 2021 Jeep Grand Cherokee in the rightmost lane as she approached the intersection of N. Westover Blvd.

9.

At the same time, Defendant was travelling in a 2006 Chevy Silverado, with an aftermarket bumper and large chain attached to the front end of the Chevy.

10.

Ms. Stracke brought her vehicle to a stop due to traffic prior to turning from Nottingham onto N. Westover Blvd.

11.

Without warning and without reason, Defendant Matthews slammed into the rear end of the Jeep Grand Cherokee operated and occupied by Ms. Stracke ("the Collision"). The collision caused significant damage to the Jeep caused by the aftermarket bumper and chain.

12.

As a result of being struck by Defendant Matthews's vehicle, Ms. Stracke began to feel neck, back, and head pain.

13.

As a result of the Collision, Ms. Stracke began to experience nausea at the scene as well as severe headaches.

14.

Following the Collision, Ms. Stracke was treated at Phoebe Putney Memorial Hospital for a concussion, neck and back pain, and a suspected and feared aortic dissection.

15.

Since the Collision, Ms. Stracke has suffered from pain that intensifies during daily life and limits her mobility.  She suffered through debilitating headaches, sensitivity to light, bouts of blurred vision, and an inability to view her computer screen as the result of her concussion.

16.

Since the Collision, Ms. Stracke has incurred medical expenses relating to treatment sought

for injuries in an amount not less than $19,175.

### 17.

Plaintiff's medical expenses were both reasonable and necessary to treat Plaintiff's injuries caused by the Collision.

### 18.

Plaintiff may continue to incur reasonable and necessary medical expenses to treat her injuries caused by the Collision.

### 19.

Plaintiff's injuries were directly caused by the negligent and dangerous driving of the Defendant.

## COUNT I – NEGLIGENCE

### 20.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

### 21.

Defendant was negligent in following Ms. Stracke too closely.

### 22.

Defendant had a duty to use ordinary caution when operating his vehicle.

### 23.

Defendant breached this duty.

24.

Defendant's negligent operation of his vehicle directly caused Plaintiff's injuries, and the resultant medical treatment and expenses.

25.

Plaintiff is entitled to complete recovery.

### COUNT II – PAST AND FUTURE MEDICAL EXPENSES

26.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

27.

Plaintiff has incurred significant and costly medical expenses as a result of the injuries she sustained as a direct and proximate result of the collision, which collision was caused by the negligent and reckless acts of Defendant.

28.

Plaintiff may continue to suffer medical expenses as a result of the injuries she sustained as a direct and proximate result of the collision.

29.

Plaintiff is entitled to recover from Defendant an award of damages equal to her past medical expenses in an amount to be proven at trial.

30.

Plaintiff is entitled to recover from Defendant an award of damages equal to the future medical expenses that she will incur, if any, as a result of her injuries from the collision in an amount to be proven at trial.

### COUNT III – PAST AND FUTURE PAIN AND SUFFERING

31.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

32.

As a result of Plaintiff's injuries, which were directly and proximately caused by the collision, Plaintiff has endured extensive pain and suffering.

33.

As a result of Plaintiff's injuries, which were directly and proximately caused by the collision, Plaintiff will continue to endure pain and suffering.

34.

Plaintiff is entitled to recover from Defendant an award of damages to compensate her for past and future pain and suffering in an amount to be demonstrated by the evidence presented at trial and determined by the enlightened conscience of a fair and impartial jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against the Defendant as follows:

(a)    that Plaintiff recovers the full value of her past medical expenses in an

amount to be proven at trial;

(b)    that Plaintiff recovers the full value of her future medical expenses, if any, in an amount to be proven at trial;

(c)    that Plaintiff recovers the full value of her past pain and suffering, in an amount to be demonstrated by the evidence presented and determined by the enlightened conscience of the jury;

(d)    that Plaintiff recovers the full value of her future pain and suffering, in an amount to be demonstrated by the evidence presented and determined by the enlightened conscience of the jury;

(e)    that a verdict be returned in favor of the Plaintiff and that judgment issue against the Defendant;

(f)    that Plaintiff recover such other and further relief as is just and proper; and

(g)    that all issues be tried before a jury of twelve.

Respectfully submitted this 4th day of June, 2024.

WATSON SPENCE LLP
*Attorneys for Plaintiff*

By: */s/ Christopher L .Foreman*
      Christopher L. Foreman
      State Bar No.: 507739
      Maggie Cropp
      State Bar No.:
      320 W. Residence Ave. (31701)
      Post Office Box 2008
      Albany, Georgia 31701-2008
      T: (229) 436-1545
      F: (229) 436-6358
      cforeman@watsonspence.com
      mcropp@watsonspence.com